UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELA M NEGUS,

            Plaintiff,

    v.

CAROLYN COLVIN,

            Defendant.

CASE NO. C14-559 MJP

ORDER ON REPORT AND
RECOMMENDATION

      The above-entitled Court, having received and reviewed:

1.  Report and Recommendation (Dkt. No. 16),

2.  Plaintiff's Objections to Magistrate's Report and Recommendation (Dkt. No. 17),

3.  Defendant's Response to Plaintiff's Objections to Magistrate's Report and
     Recommendation (Dkt. No. 18),

and all relevant exhibits and declarations (as well as the Administrative Record), rules as

follows:

1       IT IS ORDERED that the Report and Recommendation is PARTIALLY ADOPTED: the

2    Court will credit as true the improperly discounted evidence from Plaintiff's treating physicians

3    and from Plaintiff herself.

4       IT IS FURTHER ORDERED that the matter is REMANDED for an immediate award of

5    benefits.

6                          **Background**

7       Plaintiff was a 48-year old female at date of onset; 51 years old when the decision

8    rejecting her claim was made.  The Administrative Law Judge ("ALJ") found that she had severe

9    impairments of diabetes with peripheral neuropathy, obesity, attention deficit hyperactivity

10    disorder ("ADHD"), major depressive disorder and anxiety disorder, but that these were

11    insufficient to meet a Listing.  The ALJ found that Plaintiff had the Residual Functional Capacity

12    ("RFC") to perform light work with limitations, and that there were jobs that existed in

13    substantial numbers in the economy that she could perform.  On that basis, the ALJ found

14    Plaintiff "not disabled." (AR 34.)

15                       **Discussion/Analysis**

16    <u>Report & Recommendation</u>

17       In recommending that the ALJ's decision be reversed and remanded for further

18    determinations and a new decision, the Magistrate Judge assigned error to two aspects of the

19    ruling:

20    **1)**   <u>Evidence from treating physicians improperly rejected</u>

21       The findings of Plaintiff's consulting medical doctor (that the symptoms in her lower

22    extremities were "compatible with diabetic neuropathy;" AR 274) and resulting opinions (that

23    she could perform light work with a maximum of two hours of standing and walking; AR 275)

24    were rejected by the ALJ in favor of the opinions of two nonexamining State agency medical

1   consultants who disagreed with the level of impairment and found Plaintiff capable of longer

2   periods of standing and walking. (AR 31-32.)  The findings of the doctor who performed a

3   psychological exam on Plaintiff (that Plaintiff suffered from ADHD, depression and anxiety,

4   would have difficulty performing detailed and complex tasks, accepting instructions and working

5   with the public and other co-workers; AR 281-82) were given little weight because they

6   conflicted with the ALJ's personal observations of Plaintiff's demeanor and apparent abilities.

7   The ALJ instead gave greater weight to the opinions of two nonexamining State agency

8   psychological consultants who believed that Plaintiff could maintain concentration, persistence

9   and pace for unskilled, less complex tasks and was capable of working with the public.  (AR 32.)

10          The Magistrate Judge faulted the ALJ for failing to consider the examining physician's

11  opinion in light of objective medical evidence of foot pain and neuropathy and relying instead on

12  the opinion of nonexamining experts when there was no independent medical evidence to

13  support their conclusions.  The ALJ discounted the psychological exam results as too reliant on

14  what she considered to be the unreliable subjective testimony of Plaintiff.  But the Magistrate

15  Judge found that the psychological opinion of the examining physician was based on the doctor's

16  own observations as well as Plaintiff's personal report; furthermore, a psychological examination

17  after the ALJ's decision corroborated the opinion of the examining doctor even further.

18      **2)**  Plaintiff's credibility improperly assessed

19          The ALJ found that Plaintiff's testimony lacked credibility because her reported

20  symptoms were inconsistent with the medical evidence, because she had not sought treatment

21  and because her daily living activities were incongruent with her allegations of disability.  The

22  Magistrate Judge disagreed with every one of these grounds, finding that (a) there was objective

23  medical evidence supporting her reported symptoms, (b) her lack of treatment was explained by

24

1    her destitute financial situation and corresponding absence of insurance and (c) her daily living

2    activities were entirely consistent with the allegations of disabling impairments.  As a result, the

3    Magistrate Judge found that the reasons given by the ALJ for discounting Plaintiff's testimony

4    were neither clear and convincing nor supported by substantial evidence.[1]

5           Based on his conclusions, the Magistrate Judge was faced with choosing whether to

6    recommend remanding for the taking of further evidence and reevaluation in light of this ruling

7    or simply remanding for an award of benefits under the credit-as-true rule.

8           This is a discretionary decision; remanding for an award of benefits under the credit-as-

9    true rule is generally followed when three criteria are satisfied:

10                 (1) the record has been fully developed and further administrative proceedings
                   would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
11                 reasons for rejecting evidence, whether claimant testimony or medical opinion;
                   and (3) if the improperly discredited evidence were credited as true, the ALJ
12                 would be required to find the claimant disabled on remand.

13   Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  The Magistrate Judge found that the

14   impact of crediting the evidence that Plaintiff can only walk/stand two hours a day and has

15   significant mental impairments is "unclear." (Dkt. No. 16, R&R at 13.)   As a result, he

16   recommended that the case be remanded for further proceedings, with the ALJ ordered to credit

17   as true the opinions of the two examining physicians and Plaintiff's testimony and recalculate her

18   RFC accordingly.  (Dkt. No. 16, R&R at 13.)

19   Responsive briefing

20           As mentioned, the Attorney General does not even contest the R&R's conclusion that the

21   ALJ improperly ignored the consulting physicians' findings and improperly discredited

22

23   ———————————————————
     [1] Significantly, the Attorney General's briefing does not take exception with the Magistrate Judge's assignment of
24   errors to the underlying administrative proceedings.

Plaintiff's testimony.  The entire defense brief is dedicated to convincing the Court to (1) not

employ the "credit-as-true" rule and (2) simply remand and allow the ALJ to reevaluate whether

Plaintiff is disabled based on the entire record.  Plaintiff argues for adopting the credit-as-true

rule in accordance with the R&R <u>and</u> remanding for benefits alone based on the <u>Garrison</u> test.

    The Court finds that Plaintiff has the better argument and will exercise its discretion and

credit the testimony of both the examining physicians and Plaintiff as true, based on the standard

announced in the Ninth Circuit:

> In cases where there are no outstanding issues that must be resolved before a
> proper disability determination can be made, and where it is clear from the
> administrative record that the ALJ would be required to award benefits if the
> claimant's excess pain testimony were credited, we will not remand solely to
> allow the ALJ to make specific findings regarding that testimony. Rather, we will
> . . . take that testimony to be established as true.

<u>Reddick v. Chater</u>, 157 F.3d 715, 728 (9th Cir. Cal. 1998); *see also* <u>Vasquez v. Astrue</u>, 572 F.3d

586, 593 (9th Cir. Cal. 2009).

    The Court is unconvinced that there are further outstanding issues to be developed.  The

Attorney General hints vaguely that "[o]n remand, additional evidence will likely be added to the

record"  (Dkt. No. 18, Def's Response, p. 3),  but provides no support for this assertion,

including no indication of why additional evidence would <u>need</u> to be added to the record.

    Additionally, it appears conclusively that an award of benefits is required once the

discredited testimony is deemed true.  The ALJ declared Plaintiff fit for "light work" under the

RFCs originally found by her.  The CFRs describe the following functional requirements for

"light work:"

> Light work involves lifting no more than 20 pounds at a time with frequent lifting
> or carrying of objects weighing up to 10 pounds.  Even though the weight lifted
> may be very little, a job is in this category when it requires a good deal of walking
> or standing, or when it involves sitting most of the time while pushing or pulling

arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

Once the rejected testimony is credited, it is clear that Plaintiff does not have the ability "to do substantially all of these activities."  Her restriction to two hours of walking or standing does not equate to a requirement of "a good deal of walking or standing," and her diabetic neuropathy and foot pain preclude her from pushing or pulling leg controls.  The impact of these limitations is not "unclear": Plaintiff does not have the ability to do "light work" as defined in the CFRs.

The next available category of work is "sedentary work," defined in the CFRs as:

> (a) **Sedentary work**. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 CFR § 404.1567.

Plaintiff refers the Court to the Medical-Vocational Guidelines (also known as the "Grids"), "a matrix system for handling claims that involve substantially uniform levels of impairment."  (Dkt. No. 17, Plaintiff Obj'ns, at 3-4; *see also* 20 C.F.R., Part 404, Subpt P., App. 2.)  The Grids are to be used only where they "completely and accurately represent a claimant's limitations." <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101 (9th Cir. 1999); <u>Lounsbury v. Barnhart</u>, 468 F.3d 1111, 1115 (9th Cir. 2006).  The ALJ is mandated, at step five, to find other jobs that a claimant can perform (<u>Valentine v. Comm'r of Soc.Sec.Admin.</u>, 574, F.3d 685, 589 (9th Cir. 2009)) – when the claimant's limitations are both exertional and non-exertional (which is

certainly the case with Plaintiff), the ALJ must consult the Grids first.  Lounsbury, 468 F.3d at 1115.

As the analysis above shows, Plaintiff is limited to (at best) sedentary work.  Table No. 1 of the Grids covers "Residual Functional Capacity: Maximum Sustained Work Capability Limited to Sedentary Work as a Result of Severe Medically Determinable Impairments." (20 C.F.R., Part 404, Appendix 2.).  The table divides claimants by age, education and previous work experience – Plaintiff falls into those categories as follows:

1. Age = "Closely approaching advanced age"[2]: Plaintiff was 51 at the time the ALJ's decision was published.

2. Education = "Limited or less" (i.e., no high school diploma): Plaintiff has an 8th grade education. (AR 83.)

3. Previous work experience = "Unskilled or none": Plaintiff's entire work history consists of unskilled labor; she has no transferable work skills. (AR 86.)

This places Plaintiff in Rule 201.09 of the Table No. 1 grid and leads to an automatic finding of disability.

Further, crediting as true the "non-exertional" limitations described by the psychological testimony (AR 281-82) and Plaintiff's own testimony – anxiety, panic attacks, depression, problems with memory and concentration (AR 215, 219, 231) – leads to the conclusions of unemployability reached by the vocational expert ("VE") who testified at Plaintiff's hearing. Faced with hypotheticals describing a worker unable to maintain concentration and "off task 20% or more of the work period," the VE testifies that there would be no work for such an

---

[2] "Person closely approaching advanced age. If you are closely approaching advanced age (age 50-54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work."  20 CFR § 404.1563(d)

1    individual.  (AR 86.)  The VE reaches a similar conclusion regarding a worker who is absent 2-3

2    times a month (the examining doctor had said that Plaintiff would had difficulties with

3    attendance based on her anxiety, panic attacks and depression; AR 282). (AR 86.)

4                                          **<u>Conclusion</u>**

5            The Court agrees with the Magistrate Judge that the testimony of the two examining

6    doctors and Plaintiff's own testimony should be credited as true.  The Court also agrees with

7    Plaintiff that crediting that evidence leads to an automatic finding of disability.  On that basis, the

8    Court remands to the ALJ for an award of benefits.

9

10           The clerk is ordered to provide copies of this order to all counsel.

11           Dated this 3rd day of April, 2015.

12

13

14                                          Marsha J. Pechman

15                                          United States District Judge

16

17

18

19

20

21

22

23

24